UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
CANDLEWOOD PARTNERS, LLC,    :   CASE NO. 1:05 CV 02962
                             :
           Plaintiff,        :
                             :
      -vs-                   :
                             :
KOOSHAREM CORPORATION,       :   MEMORANDUM OF OPINION AND
                             :   ORDER GRANTING DEFENDANT'S
           Defendant         :   MOTION TO DISMISS (ECF 8)
------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is defendant Koosharem Corporation, d/b/a Select Personnel Services's ("Koosharem") motion to dismiss plaintiff Candlewood Partners, LLC's ("Candlewood") complaint for lack of personal jurisdiction.  (ECF 8).  Candlewood filed a memorandum of law in opposition to Koosharem's motion to dismiss.  (ECF 12). Koosharem then filed its reply.  (ECF 15).

For the reasons set forth below, defendant's motion to dismiss for lack of personal jurisdiction is granted.

## **BACKGROUND**

Candlewood brought this action against Koosharem claiming that Koosharem breached a Letter of Engagement which the parties executed on or about 18 February 2005  (the "Agreement").   (ECF 1, Exhibit 1, at ¶4 & ECF 14, Exhibit A, at ¶4). Candlewood is an Ohio business entity with its principal place of business in Cuyahoga County, Ohio.  (ECF 14, Exhibit A, at ¶3).  Defendant Koosharem is a California

corporation having its principal place of business in Santa Barbara, California. (ECF 1, Exhibit 1, at ¶2).

Under the Agreement, Candlewood agreed to act as Koosharem's exclusive financial advisor and investment banker and to provide related services. (ECF 1, Exhibit 1, at ¶4). Koosharem agreed to pay Candlewood a non-refundable retainer of $20,000 per month, as well as additional fees and out-of-pocket expenses incurred by Candlewood. (Id. at ¶5). Koosharem also obligated itself to treat Candlewood's advice as confidential information and agreed it would not:

> . . . use distribute, reproduce or reference in any manner any descriptive material prepared with [Candlewood's] assistance, including any materials prepared in connection with a potential financing except to prospective counter-parties who have executed confidentiality agreements in form and substance approved by [Koosharem] and [Candlewood] or otherwise with [Candlewood's] prior written consent.

(Id. at ¶8). By its terms, the Agreement is to be "governed and construed in accordance with the laws of the State of Ohio without reference to that state's conflict of laws principles." (ECF 1, Exhibit A, at ¶13).

Candlewood alleges that it fully performed its obligations under the Agreement, and Koosharem is in breach. (Id. at ¶¶13 & 14). According to Candlewood, Koosharem "breached the confidentiality provision by disclosing Candlewood's opinions and advice to third-parties," and failed to make its monthly retainer payments. (Id. at ¶14). Koosharem also allegedly failed to reimburse Candlewood for out-of-pocket expenses and failed to pay an owed finance fee. (Id.) Due to Koosharem's breach, "Candlewood has been damaged in Ohio." (ECF 14, Exhibit A, ¶9).

On 24 October 2005, Candlewood filed a one-count breach of contract action against Koosharem in the Cuyahoga County Court of Common Pleas in Cuyahoga County, Ohio. (ECF 1, Attachment 1). On 23 December 2005, Koosharem removed the case to this Court based upon diversity jurisdiction. (ECF 1). Thereafter, Koosharem filed a motion to dismiss for lack of personal jurisdiction. (ECF 8). In support of its motion to dismiss, Koosharem submitted the declaration of D. Stephen Sorenson. (ECF 8, Exhibit 1). In support of its brief in opposition, Candlewood submitted the affidavit of Michael A. Fixler. (ECF 14).

## LAW AND ANALYSIS

### A. Personal Jurisdiction Standard

Candlewood bears the burden of showing that this Court may exercise personal jurisdiction over Koosharem. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). When ruling on a 12(b)(2) motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a court must consider the pleadings and affidavits in a light most favorable to the plaintiff.[1] Id. Under such a procedural posture, the Court must take as true the allegations made in plaintiff's complaint and disregard any factual assertions made by the party seeking dismissal if they contradict assertions made by the plaintiff in the complaint or supporting affidavits. Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir.1991); Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 149

---

[1] In ruling on a properly supported Rule 12(b)(2) motion, the court has three procedural alternatives: (1) it may decide the motion upon affidavits and declarations alone; (2) it may permit discovery in aid of deciding the motion; or (3) it may conduct an evidentiary hearing to resolve any apparent factual questions. Theunissen, 935 F.2d at 1458. In this case, the Court is proceeding under the first alternative by deciding defendant's motion to dismiss based upon the affidavit of Michael A. Fixler and the declaration of D. Stephen Sorenson.

(6th Cir.1997); Advanced Polymer Sciences, Inc. v. Phillips Indus. Services, 34 F.Supp. 2d 597, 599 (N.D. Ohio 1999).[2] Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal. Theunissen, 935 F.2d at 1458-59.

In determining whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. CompuServe, Inc., 89 F.3d at 1262 (6th Cir. 1996); In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 224 (6th Cir.1972). Accordingly, jurisdiction is proper only if it satisfies the Ohio Long-Arm statute, Ohio R.C. § 2307.382, and comports with the requirements of the Due Process Clause. Id. In its reply to Candlewood's motion to dismiss, Koosharem did not challenge Candlewood's argument that Koosharem satisfies Ohio's broadly worded long-arm statute of "transacting any business in Ohio." O.R.C. § 2307.382(A)(1). Instead, Koosharem focuses solely on whether Candlewood has met its burden of establishing a *prima facie* showing of personal jurisdiction in light of the requirements of the Due Process Clause. (ECF 12). As recognized by the Sixth Circuit in Calphalon Corp. v. Rowlette, under such circumstances, the appropriate focus for this Court "is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" 228 F.3d 718, 721 (6th Cir. 2000) (quoting Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998)).

---

[2] It is, however, appropriate to consider allegations or statements made by Koosharem which Candlewood does not contest or dispute. Kerry Steel, 106 F.3d at 152-53.

**B. Due Process Limits on Personal Jurisdiction**

For a court to have personal jurisdiction over a nonresident defendant, that defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be founded on either general or specific jurisdiction. E.g., Bird v. Parsons, 289 F.3d 865, 873 (6th Cir. 2002); Reynolds v. International Amateur Athletic Federation, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction requires contacts with a forum that "are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Intera Corp. v. Henderson III, 428 F.3d 605, 615 (6th Cir. 2005). In contrast, "[a]n exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." Id.

Candlewood does not contend that Koosharem's Ohio contacts meet the standard for general jurisdiction. Instead, Candlewood argues only that "jurisdiction is proper and will be based upon specific jurisdiction." (ECF 12, at 3). Thus, this Court's analysis will be limited to whether Koosharem's contacts with Ohio are sufficient to satisfy the requirements of specific jurisdiction. Intera Corp, 428 F.3d at 615 (limiting "personal jurisdiction analysis to a discussion of specific jurisdiction" where plaintiffs' "predicated their *prima facie* case of personal jurisdiction on specific jurisdiction").

In determining whether the exercise of specific jurisdiction over a nonresident defendant is consistent with due process, courts must find the "essential factor" that the

defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state.  Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968);  Calphalon Corp., 228 F.3d at 721.  The purposeful availment requirement ensures that a defendant will not be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  Calphalon Corp., 228 F.3d at 721-22.  If the "purposeful availment" requirement is satisfied, then the court must also determine whether the cause of action arose from the defendant's activities in the forum state, and whether the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable.  Southern Mach. Co., 401 F.2d at 381;  Calphalon Corp., 228 F.3d at 721.

      Here, Candlewood contends specific jurisdiction exists because Koosharem "knowingly" contracted with an Ohio company, and the contract at issue "contains a choice of law provision indicating that the Agreement 'shall be governed by and construed in accordance with the laws of the State of Ohio.'" (ECF 12, at 4 & 7).  Mr. Sorenson declares, and Candlewood does not dispute, that Koosharem is not licensed to conduct business in Ohio;  does not have any offices or employees in Ohio;  does not have an agent for service of process in Ohio;  does not own real property in Ohio;  and does not advertise in Ohio.  (ECF 8, at Exhibit 1, at ¶5).  Further, before entering the Agreement with Candlewood, Koosharem searched for financing on a nationwide basis without preference for providers in any particular state.  (Id. at ¶10).  When negotiating the Agreement, no Koosharem representative traveled to Ohio in any capacity.  (Id. at ¶13).  Instead, Candlewood's personnel traveled to Koosharem's offices in California to

negotiate the Agreement. (Id. at ¶11). Candlewood sent the Agreement to Koosharem in California which is where Koosharem executed the Agreement. (Id. at ¶12). Under these circumstances, Candlewood cannot establish that Koosharem "purposely availed" itself of the privilege of acting in Ohio. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985); Calphalon Corp., 228 F.3d at 721-22 (holding that the mere existence of a contract between litigating parties is by itself insufficient to establish minimum contacts and confer personal jurisdiction over a defendant).

As to the Ohio choice of law provision in the Agreement, Candlewood itself acknowledges, "a choice of law provision, alone, is generally insufficient to confer personal jurisdiction over a nonresident defendant." (ECF 12, at 7). Indeed, the Sixth Circuit has held that a choice of law provision, together with the nonresident's decision to contract with an Ohio entity is insufficient to establish "purposeful availment" even where the nonresident defendant traveled to Ohio to meet with its contracting party, and communicated with its contracting party in Ohio *via* phone, facsimile and mail for almost 18 years. Calphalon Corp., 228 F.3d at 722. Like the Calphalon Corp. defendant, Koosharem's contacts with Ohio did not create "continuous and substantial" consequences in Ohio. Indeed, Koosharem's contacts with Ohio were even more attenuated than the nonresident defendant in Calphalon Corp, in that: (1) Koosharem's business relationship with Candlewood was brief; (2) there were minimal, if any, communications from Koosharem in California to Candlewood in Ohio; and (3) no representative of Koosharem ever visited Ohio for any reason related to the Agreement. Thus, under Calphalon Corp., this Court may not exercise specific jurisdiction over Koosharem.

Because defendant has not purposefully availed itself of the privilege of acting in Ohio, this Court may not constitutionally exercise personal jurisdiction over defendant Koosharem.

## **CONCLUSION**

Accordingly, plaintiff Candlewood's claims against defendant Koosharem are dismissed without prejudice due to lack of personal jurisdiction.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 26 April 2006